414

No. 34,161

GEORGE J. LITTLE, *Appellant*, v. HENRY J. ALLEN, *Appellee*.

(87 P. 2d 510)

Opinion filed March 4, 1939.

*George J. Little,* of Topeka, *pro se.*

*Thomas F. Doran, Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey* and *Robert E. Russell,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for the publication of an alleged libel. After the issues were formed the trial court sustained defendant's motion for judgment on the pleadings. Plaintiff has appealed.

This case is an aftermath of a disbarment proceeding filed in the supreme court by the state board of law examiners against the plaintiff in this action and another. (See *In re Lashbrook, In re Little,* 146 Kan. 752, 73 P. 2d 1106.) In those proceedings the court appointed Hon. A. M. Johnston, of Manhattan, as its commissioner to hear the evidence and to make findings of fact and conclusions of law and report them to the court. This was done. When the report of our commissioner was filed with the clerk of the court news items respecting it were published in the Topeka *State Journal,* a daily newspaper, of which the defendant was the editor.

This action is predicated upon that news item as published. In his petition plaintiff alleged specifically that the headlines of the news item were inaccurate, also some of the statements in the body of the news item, and that the publication of these inaccuracies resulted in damage to him.

The answer admitted the relation of the parties and the publication of the news item; alleged that it related to a judicial proceeding concerning which the newspaper was privileged to publish articles, including comments thereon, and that the article published and complained of was fully justified by the findings of the commissioner of the court. A copy of the commissioner's report was attached to the answer. The reply admitted that the proceedings in court were judicial, that defendant had the right to publish such proceedings, and to make fair comment thereon, but denied that the comment was fair in all respects.

It will serve no useful purpose to set out in full the publication complained of and the report of the commissioner Johnston, both of which were attached as exhibits to the pleadings. It is sufficient to say that we have examined these documents carefully and find but two things which may be said to be inaccuracies. At one place in the news item a date was given as 1933 when it should have been 1935. The entire news item, however, disclosed that the proceedings examined by our commissioner started in 1935. One reading the news item would not be misled by this inaccuracy. The other was a statement in the headlines of the news item, "Findings by Supreme Court." Accurately speaking, the findings were made by a commissioner appointed for that purpose by the court, but that is the usual method by which the court ascertains in the first instance the facts in any original proceeding in which there are controverted questions of fact. The findings made by a commissioner in such case are not binding on the court, but are persuasive. The headline would have been more accurate had it said that a commissioner appointed by the court had made the findings of fact and conclusions of law then the subject of the news item. However, the body of the news item itself made it clear from the start, and repeatedly throughout, that it was the report of the court's commissioner that was being summarized and commented upon. While headlines may be so misleading and so detached from the body of the article as themselves to be libelous, ordinarily they are but a brief index to the body of the article and are designed to do no more than to direct the attention

416·

of the reader to the article itself. In determining whether they are libelous, ordinarily they should be read with the article. In this case no one reading the headlines and the article would be misled by the slightly inaccurate statement in the headlines. In *Jerald v. Houston*, 124 Kan. 657, 261 Pac. 851, it was held:

"In determining whether a newspaper article is libelous per se, headlines and the body of the article must both be regarded. Each statement must be considered in connection with the others, and the whole must be fairly and reasonably construed."

See, also, *Brinkley v. Fishbein*, 134 Kan. 833, 836, 8 P. 2d 318; *Steenson v. Wallace*, 144 Kan. 730, 734, 62 P. 2d 907.

A few other statements in the published notice are complained of by plaintiff. These are relatively condensed statements pertaining to a lengthy report. Naturally, they could not be complete in all details. As such we see nothing wrong with them.

There is no allegation in the petition that defendant was actuated by malice, or that he had any specific desire to injure plaintiff. The allegations are that the publication of the article had the effect of injuring plaintiff.

Whether a newspaper article is libelous per se is a question of law. (*Jerald v. Houston*, supra.) The trial court correctly held, as a matter of law, that the publication complained of was a reasonably fair comment respecting a judicial proceeding, and as such that it was privileged.

The judgment of the court below is affirmed.