No. 40,208

ROBERT O. KOERNER, *Appellant*, v. FRANK LAWLER, *Appellee*.

(304 P. 2d 926)

Opinion filed December 8, 1956.

*Otto J. Koerner,* of Wichita, argued the cause and *Benj. F. Hegler, Lee R. Meador* and *John N. Stice,* all of Wichita, were with him on the briefs for the appellant.

*Arnold C. Nye,* of Newton, argued the cause, and *J. Sidney Nye,* of Newton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action to recover damages for libel based upon statements contained in a letter written by defendant and which was publicized as hereinafter related.

Plaintiff has appealed from an order sustaining a demurrer to his second amended petition, hereafter referred to as the petition.

Because of the nature and status of the case it is considered advisable to set out the petition and letter in full. The petition reads:

"Comes now the plaintiff and for his cause of action against the defendant herein alleges and states:

"1. That the plaintiff is a resident of the City of Newton, Harvey County, Kansas.

"2. That the defendant is a resident of the City of Newton, Harvey County, Kansas.

"3. That the plaintiff is a duly licensed master plumber doing business in the City of Newton, State of Kansas, and has operated said business for more than seven years; that plaintiff has enjoyed a good reputation and has operated his trade and business in a respectable and lawful manner.

"4. That on the 21st day of May, 1954, the defendant wrote a letter and mailed it to the plaintiff wherein the defendant willfully charged this plaintiff with a specific violation of the plumbing ordinances of the City of Newton, Kansas, in that defendant stated that plaintiff permitted and allowed one Mr. Bennett to do considerable work on his project under a permit issued by the City of Newton to this plaintiff, but not while accompanied by a licensed master or journeyman plumber, contrary to Section 1406 of the ordinances of the City of Newton. That the violation of said ordinance is declared a misdemeanor by the terms thereof, providing for fines and revocation of licenses; that the defendant caused several copies of this letter, a copy of which is attached hereto marked 'Exhibit A' and made a part hereof as if fully set out herein, charging this plaintiff with a violation of the ordinance to be written and mailed to each and every plumbing firm in Newton, Kansas, and caused a copy of said letter to be placed on the bulletin board in a public place for observation by the general public.

"5. This plaintiff alleges that the statements contained in said letter infer and state, without saying so in so many words, that the plaintiff herein obtained a plumbing permit for work on the Harold Bennett property at 418 Random Road; and thereafter, in violation of the city ordinances, permitted Mr. Bennett to perform work on said project while not accompanied by Mr. Koerner, a licensed plumber to whom the permit had been issued. The letter further threatens the revocation of Mr. Koerner's license, and this plaintiff alleges that said inferences and statements were untrue and without basis in fact, and that said defendant had no excuse whatsoever to publish such statements. That said letters, and copies thereof, were written and published as aforesaid by the defendant for the purpose of misleading the readers of said letters and prejudicing them against this plaintiff, and were so written and published to injure, destroy and damage plaintiff's good reputation, and to expose him to hatred, contempt, ridicule and embarrassment, and deprive him of public confidence and injure and damage his business.

"6. That by reason of the foregoing this plaintiff is entitled to general damages in the amount of $10,000.00, and punitive damages in the amount of $30,000.00.

"WHEREFORE, plaintiff prays judgment against the defendant herein for $40,000.00, the costs of this action, and such other relief as to the court may seem just and proper."

The letter referred to as "Exhibit A" reads:

"THE CITY OF NEWTON
130 West Sixth Street
Newton, Kansas
May 21, 1954

"Mr. Robert Koerner
121 Main Street
Newton, Kansas

Subject: Plumbing Violations

"Dear Sir:

"Responsible as I am to the Governing Body of Newton for the enforcement of the City's ordinances, it is my duty to bring to your attention and to the attention of all Newton plumbers violations of the plumbing ordinance, No. 1406.

"To explain the case in detail so there is no misunderstanding, let me refer to the plumbing permit for the Harold Bennett property at 418 Random Road.

"First of all, Mr. Bennett inquired whether he would be permitted to do his own plumbing and was correctly advised by the City Inspector that he could not.

"The permit was issued for the work thereafter to Koerner Plumbing and it is my information that considerable work has since been done on the project by Mr. Bennett, but not while accompanied by a licensed master or journeyman plumber.

"Therefore, I would like to call to the attention of all plumbers in Newton that permitting such work under a permit places you or your firm in a position of having the permit revoked, your license revoked, and fines for both the bonded plumber and the person who performs work on the project in the licensed plumber's absence.

"Please note Sections 1, 5, 6, 7 and 31 of Plumbing Ordinance 1406. Any further reports of such violations will be dealt with as provided by Ordinance 1406.

"Sincerely,
CITY OF NEWTON
/s/ Frank Lawler
Frank Lawler
City Manager"

In addition to the order sustaining defendant's demurrer to the petition, plaintiff also specifies as error a previous ruling which struck the words "libelous" and "maliciously" from the original petition. In that pleading the words appeared in what corresponds to paragraph 5 of the petition above quoted.

The record does not disclose the basis of the trial court's ruling

on the demurrer, but in this court two principal contentions are made by the parties.

The first concerns the proposition that the letter, being written by defendant in his official capacity as city manager, is what in the law of libel and slander is classified as a privileged communication and therefore not actionable, and in this connection our attention is directed to certain statutory provisions (G. S. 1949, 12-1014, and G. S. 1955 Supp. 12-1024) relating to the duties and powers of a city manager.

The ordinance in question is not pleaded or otherwise set out and we have no way of knowing what it may provide with respect to defendant's duties under it. Depending upon a number of factors, it may be that defendant is protected by either an absolute or conditional privilege, but the matter cannot be determined from the pleadings before us. The general rule is that the defense of privilege should be specially pleaded when the fact of the privilege does not appear on the face of the petition. (*Klover v. Rugh,* 99 Kan. 752, 162 Pac. 1179; 33 Am. Jur., Libel and Slander, § 248, p. 230; 53 C. J. S., Libel and Slander, § 178, p. 280.) As a factual proposition we cannot, from the petition here, determine the question of privilege, and under the circumstances present it should have been specially pleaded by way of defense. If the demurrer was sustained on the ground the petition shows on its face that defendant is protected by the doctrine of privilege, we are of the opinion the ruling was erroneous.

The other proposition concerns the question whether the petition sufficiently alleges damages. Determination of this necessarily involves a limited discussion of the general law of libel and slander and the rules relating thereto. In this connection we call attention to what was said and held in the recent case of *Bennett v. Seimiller,* 175 Kan. 764, 267 P. 2d 926, in which authorities from this and other jurisdictions were discussed. Insofar as here applicable, we summarize from that decision.

Libel is divided into libel *per se* and libel *per quod.* Words slanderous *per se* are words which intrinsically, without innuendo, import injury, and are words from which damage, by consent of men generally, flows as a natural consequence. From such words malice is implied and damages are conclusively presumed to result. Courts take judicial notice of damage resulting from libel or slander *per se.* On the other hand, words slanderous *per quod* are those whose in-

jurious effect must be established by due allegation and proof, and in order to state a cause of action for libel or slander *per quod,* as distinguished from libel or slander *per se,* the special damage or damages resulting therefrom must be alleged, a mere general allegation of damages being insufficient. Furthermore, with reference to the sufficiency of allegations as to libel involving a profession or trade, the rule is that one suing for libel on account of words directly tending to injure or prejudice his reputation in his profession or trade must allege and prove that he carried on such profession or trade when the words were published, and that they were used in reference to his conduct therein. (On the general subject see also 33 Am. Jur., Libel and Slander, § 5, p. 39.)

It is not seriously contended that the statements contained in the letter in question constitute libel or slander *per se,* and we have no hesitancy in holding that they do not. For purposes of this discussion, therefore, the language will be considered as libel *per quod.* The ultimate question, therefore, is whether plaintiff has sufficiently alleged damage resulting to him which, under the rule relating to actions for libel or slander *per quod,* he is compelled to do.

G. S. 1949, 60-745, provides that in an action for libel or slander it shall be sufficient to state generally that the defamatory matter was published or spoken of the plaintiff. The petition before us so states, and further alleges that the statements were false. With respect to damage resulting to plaintiff it is alleged that the letter was written and published by defendant, without any excuse whatsoever, for the purpose of misleading the readers thereof and prejudicing them against plaintiff; was written and published to injure, destroy and damage plaintiff's good reputation and to expose him to hatred, contempt, ridicule and embarrassment, and to deprive him of public confidence and to injure and damage his business. It is quite true, as contended by defendant, the petition does not in so many words allege that plaintiff has already suffered specific damages, but we think the only logical and reasonable inference to be drawn is that as a result of the letter and its publication plaintiff has suffered damage in his profession and trade, and that, taken as a whole and considering all of the allegations together, the petition is sufficient to withstand the demurrer. In other words, if the demurrer was sustained on the ground the petition does not sufficiently allege damage resulting from a libel *per quod,* we are of the opinion the ruling was erroneous.

The remaining question concerns the propriety of the order striking the words "libelous" and "maliciously" from the original petition. It is argued that the words are mere conclusions and were therefore properly stricken. In view of what has been said, the matter becomes relatively immaterial, but we understand the rule to be that if the essential facts of a situation are pleaded the use of a descriptive word or words, such as the two under consideration, is not improper. Considering the facts which were pleaded, the words, although perhaps adding nothing to it, might well have been left in the petition.

In our opinion the petition is not fatally defective for any of the reasons urged, and the order sustaining the demurrer thereto is reversed.