**COTTON BROS. BAKING CO., INC.**

v.

**INDUSTRIAL RISK INSURERS.**

Civ. A. No. 83–0150.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Sept. 28, 1984.

Dando B. Cellini and J. Forrest Hinton, McGlinchey, Stafford, Mintz & Cellini, New

Orleans, La., Frederick B. Alexius, Provosty, Sadler & Delaunay, Alexandria, La., for plaintiffs.

P. Albert Bienvenu, Jr., and John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., Gist, Methvin, Hughes & Munsterman, Howard B. Gist, Jr., Alexandria, La., for defendants.

## RULING

NAUMAN S. SCOTT, District Judge.

On February 13, 1981, a fire seriously damaged Cotton Brother's Alexandria, Louisiana bakery, resulting in the interruption of plaintiff's baking operations. This action is premised on plaintiff's allegations that certain business losses caused by that fire are covered under a business interruption insurance policy issued by defendant Industrial Risk Insurers (IRI). Plaintiff further alleges that defendant has refused to pay all proceeds to which it is entitled to under that policy.

On November 1, 1982, plaintiff submitted a claim under the IRI policy in the sum of $4,407,480.83 with due proofs of loss and demanded payment. On December 28, 1982 defendant tendered partial payment in the sum of $1,053,276.00. This action was then commenced to recover the remaining sums plaintiff claimed were owed under the policy.

During the course of discovery, it became apparent to plaintiff that the loss it had sustained was substantially greater than that originally calculated. In May 1983, plaintiff presented IRI with a revised claim of $9,508,188.00 with due proofs of loss and again demanded payment. On August 17, 1984, this Court granted Cotton Brothers leave to amend its complaint to adequately reflect this higher amount in controversy.

Defendant IRI has now moved for a more definite statement under Fed.R.Civ.P.

9(g) and 12(e) and alleges that the increased amount claimed due under the policy is representative of specific losses which plaintiff has not pleaded with the requisite specificity and particularity.

## GENERAL OR SPECIAL DAMAGES?

Under Rule 9(g), Fed.R.Civ.P., "items of special damage ... shall be specifically stated." Therefore the question of whether plaintiff has claimed general or specific damages in its amended amount in controversy is of prime importance.

■ IRI argues that Cotton Brothers, by claiming loss for interest due on loans taken out as a result of the fire and damages for loss of sales and accelerated equipment usage, has asked for damages outside the insurance contract and in doing so has asked for special damages which must be specifically alleged. We disagree.

■ General damages are defined as all actual damages which naturally and necessarily flow from the wrongful act. *M.F. Patterson Dental Supply Co. v. Wadley,* 401 F.2d 167, 172 (10th Cir.1968); Black's Law Dictionary 468 (rev. 4th ed. 1968). Special damages, on the other hand, have been defined as those which, although resulting from the commission of the wrong, are neither such a necessary result that they will be implied by law nor will be deemed within the contemplation of the parties. *Hycel, Inc. v. American Airlines, Inc.,* 328 F.Supp. 190, 193 (S.D.Tex.1971). Stated differently, "special damages are those that the (insurer) did not have reason to foresee as ordinary, natural consequences of a (claim) when the contract was made." *Contempo Metal Furn., etc. v. East Tex. MTR., etc.,* 661 F.2d 761, 765 (9th Cir.1981); *Hector Martinez & Co. v. So. Pac. Transportation Co.,* 606 F.2d 106, 108–11 (5th Cir.1979), *cert. denied,* 446 U.S. 982, 100 S.Ct. 2962, 64 L.Ed.2d 838 (1980); *See also,* Black's Law Dictionary 469 (rev. 4th ed. 1968).

Undeniably the great dispute in this case is that of the scope of coverage afforded by the IRI business interruption policy. In fact, defense counsel has indicated at a status conference held on August 21, 1984, that defendant will file a motion for summary judgment on or before October 1, 1984, in order to clarify the scope of the policy's coverage. If the damages asked for are covered, then they are not "special" and Rule 9(g) is not applicable. Therefore this motion may be premature. Nonetheless, without further ado, we feel this matter may be disposed of as follows.

Utilizing the test applied in a Motion to Dismiss, since defendant is in actuality saying that plaintiff by claiming general damages has not stated a claim upon which relief can be granted, it appears to us that if plaintiff can allege any set of facts that would prove its damages were general, defendant's motion must fail. Therefore, at this time, while expressing no opinion as to whether the damages at issue on this motion are covered or not, the Court cannot say that the damages enumerated by plaintiff are the kind that defendant could not have foreseen as ordinary natural consequences of a claim made on the contract since plaintiff has alleged facts which, if true, would prove the damages naturally and necessarily flowed from the fire.

## RULES 12(e) AND 9(g)

■ Even assuming that plaintiff's demand for payment of sums owing under the contract could be classified as "special damages", the Court is still not convinced that defendant is entitled to a more definite statement. The motion for a more definite statement, by definition, should only be granted when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Clearly, Rule 12(e) is addressed to the matter of unintelligibility, rather than want of detail. 2A J. Moore, *Moore's Federal Practice*

¶ 12.18[1], at 2389 (2d ed. 1984). Here, we find plaintiff's demands are not so vague, but rather quite intelligible.

In its memorandum in support of its motion IRI specifically refers to the amounts claimed for interest on loans, lost sales and accelerated equipment usage. This would appear to indicate that defendant has had adequate notice of the elements of plaintiff's claim. *See, Great American Indemnity Co. v. Brown*, 307 F.2d 306, 308 (5th Cir.1962) (pleading demanding $114,000 for all plaintiff's personal injuries, permanent injuries, physical pain and suffering, mental anguish, loss of earnings, past & future, and expenses and damages held sufficient under Rules 12(e) and 9(g)). Furthermore, a forty-page breakdown of plaintiff's revised claim is contained in a detailed report which has long been provided to defendant. Also, a second report is now being prepared by plaintiff's expert and we are assured that defendant will receive a copy of this report as well. Such detailed reports clearly obviate the need for the present motion.

Finally, "(i)t is to be noted that a motion for a more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose." *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). *See also, Commercial Union Ins. Co. v. UpJohn Co.*, 409 F.Supp. 453 (W.D.La.1976) (since specific itemization of plaintiff's claim for payments made to its insured, loss payees and lienholders was readily available through discovery the Court found no basis for granting defendant's motion for a more definite statement); *Richardson v. St. Charles-St. John the Baptist Bridge and Ferry Authority*, 274 F.Supp. 764 (E.D.La.1967) (Rubin, D.J.) (while the Court was cognizant that defendants needed additional details about plaintiff's claims in preparation of its defense for trial, it was enough that plaintiff had set forth sufficient information to allow the defendant to answer, and the motion for a more definite statement was denied). The Court finds that the information defendant requests is better left to discovery practice.

### ATTORNEY'S FEES

██ Defendant contends, and is correct, that attorney's fees are items of special damages which must be specifically pleaded. *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 fn. 4 (4th Cir.1983); *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3rd Cir.1973); *Western Casualty and Surety Co. v. Southwestern Bell Tel. Co.*, 396 F.2d 351 (8th Cir.1968). However, as the Court reads the cases, this does not mean that plaintiff must submit a detailed tally sheet of hours and costs. More properly, such a list should be submitted after the case has been disposed of and attorney's fees have been granted. *See generally, Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir.1974). That the pleader has alleged that he is entitled to such fees is sufficient under Fed.R.Civ.P. 9(g). MOTION DENIED.