**Jack HARTMAN and Jeff Papa, Plaintiffs,**

v.

**MEREDITH CORPORATION, Defendant.**

**Civ. A. No. 86–2065–S.**

United States District Court, D. Kansas.

July 1, 1986.

J. Chris Morse, Kansas City, Kan., for plaintiffs.

J. Patrick Shepard, Gage & Tucker, Overland Park, Kan., Kirte M. Kinser, Gage & Tucker, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiffs' amended complaint. This case was originally brought in the District Court of Johnson County, Kansas, alleging defamation, negligence and invasion of privacy. Subsequently the case was removed to this court. The defendant now seeks to dismiss plaintiffs' amended complaint on the grounds that the amended complaint fails to state a claim upon which relief can be granted. Both parties incorporate by reference their memoranda in support of defendant's original motion to dismiss plaintiffs' complaint. Plaintiffs then amended their complaint, and now defendant seeks to dismiss the amended complaint on the same grounds. Plaintiffs allege that the Meredith Corporation defamed and invaded the privacy of the plaintiffs by publishing their photographs during a news broadcast. The plaintiffs, both bail bondsmen, were in the District Court of Johnson County, Kansas, on behalf of certain clients who had been charged with crimes relating to unlawful gambling operations. Although Meredith did not identify the plaintiffs as being charged with any crimes, plaintiffs allege that photographs appearing while the announcer was stating who was charged constitutes defamation and have caused injury to the reputation of the plaintiffs.

■ The court first notes that it must look to the entire publication and the entire broadcast. and determine whether any statement or the combination of statements with the picture is reasonably susceptible of constituting libel per se. *See Local Union No. 795 v. Kansans for the Right to Work*, 189 Kan. 115, 124, 368 P.2d 308 (1962). The Kansas Supreme Court in *Karrigan v. Valentine*, 184 Kan. 783, 787, 339 P.2d 52 (1959), cites the definition of libelous per se:

> Words libelous *per se* are words which are defamatory in themselves and which intrinsically, by their very use, without innuendo and the aid of extrinsic proof, import injury and damage to the person concerning whom they were written. They are words from which, by the consent of mankind generally, damage follows as a natural consequence and from which malice is implied and damage is conclusively presumed to result. Where libel *per se* is claimed, the question presented is whether the words on their face, without explanation or extrinsic proof, would necessarily, or as a natural and immediate consequence, cause injury and whether a newspaper article is libelous *per se* is a question of law for the court to determine.

*Id.*

The court must agree with the defendant that the broadcast itself is not libelous per se. The broadcast does not ever mention the name of Mr. Hartman nor Mr. Papa. The broadcast further makes clear that only Bill Roth, Glen Hammons and Jay Herrington were the only residents charged with gambling at the time of the broadcast. One script also makes clear that the other three men arrested earlier for such crimes were Joseph Moretina, Gary Boyce and Harold Rice, not the plaintiffs. The court therefore finds that the words in the broadcast themselves are not libel per se.

■ Words libelous *per quod* are words ordinarily not defamatory but which become actionable only in certain circumstances and when special damages are shown. The court finds that standing alone the broadcast contains nothing of a defamatory or derogatory nature and merely announces a common practice stating the court activity. It does not accuse

the plaintiffs of any crimes or immoral or reprehensible conduct of any kind.

In determining the possible defamatory meaning behind the photographing of the plaintiffs along with the oral communication, the court is guided by the decision in *Fogel v. Forbes, Inc.*, 500 F.Supp. 1081 (E.D.Pa.1980). In *Fogel*, the plaintiffs brought suit for defamation and invasion of privacy on the basis that the defendant Forbes, Inc., published a photograph of the plaintiffs taken at the airport next to a quantity of boxes. The article dealt with the high influx of Latin Americans into the Miami area and the tremendous economic benefits Miami has received from the Latin Americans' visits. The specific photograph that pictures the plaintiffs states: "The Load: Some Latins buy so much in Miami they've been known to rent an extra hotel room just to store their purchases." *Id.* at 1084. The court found that the plaintiffs were not mentioned or identified in the article and that the plaintiffs' appearance in the photograph was just incidental and does not imply in any manner that the plaintiffs were participating in the activity discussed in the article.

The court in *Fogel* found that the picture and the article taken together were not reasonably capable of conveying the meaning or innuendo ascribed by the plaintiffs. *Id.* at 1085. "If the publication is not in fact libelous, it cannot be made so by innuendo which puts an unfair and forced construction on the interpretation of the communication. *Id.* (citing *Bogash v. Elkins*, 405 Pa. 437, 176 A.2d 677 (1962)). The court further found that even if the photograph was capable of conveying a meaning ascribed by the plaintiff, such meaning would not be defamatory as to the plaintiff. The court found that the plaintiffs were not engaged in the business of buying and selling merchandise and further found that the plaintiffs could not prove special damages. The courts in Pennsylvania, as in Kansas, require proof of special damage in defamation cases which are not actionable "per se." *Id.* at 1086. In *Fogel* the plaintiffs could not prove that anyone had de-

terred from associating with them, that their reputation had been lowered in the community or that their profession had suffered as a result of the article.

Unlike the *Fogel* case, in this case the plaintiff has alleged that the broadcast injured them in their professional and personal reputations and has caused plaintiffs a loss of business. The court also finds the decisions in *Hagler v. Democrat News, Inc.*, 699 S.W.2d 96 (Mo.App.1985) and *Bravo Realty, Inc. v. Columbia Broadcasting System, Inc.*, 84 Ill.App.3d 862, 40 Ill.Dec. 360, 406 N.E.2d 61 (1980), support finding that plaintiffs' complaint fails to state a cause of action for defamation. As the court stated in *Bravo Realty, Inc.*, "The brief visual juxtaposition of plaintiff's sign, without further comment linking plaintiff in particular to the described tactic, does not necessarily indicate the plaintiff participated in or condoned unlawful or unethical real estate practice." 40 Ill.Dec. at 67, 406 N.E.2d at 68. The court further found in *Bravo Realty, Inc.*, that nowhere during the entire broadcast was plaintiff's name mentioned or directly linked to the illegal or unethical acts. The court therefore found that the district court properly found as a matter of law that the amended complaint did not state a cause of action for libel against the defendants. Analogously, the court finds that the imposition of plaintiffs' photograph in the absence of any mention of plaintiffs' names linking them with the illegal activity, does not constitute defamation as a matter of law. The court therefore finds that defendant's motion to dismiss plaintiffs' claim for defamation should be granted.

The court further finds that the allegations made by plaintiffs stating that defendant's violation of Kansas Supreme Court Rule 85, section 1, subsection 10, supports a finding of negligence on the part of the newsmen is meritless. The court finds no case support which suggests that a procedural violation of the Kansas Supreme Court Rules can be equated with a claim for negligence. The court further declines to follow the plaintiffs' equation of

a violation of Kansas Supreme Court Rules with "actual malice." The court finds such an idea preposterous. The court further finds that the slight reference by plaintiffs in their amended complaint which states that defendant is libel for negligence in identifying plaintiffs by visual means with criminal defendants or having been charged with crimes in Johnson County is not sufficient to state a cause of action for negligence. This is especially true in light of the court's finding that portrayal of plaintiffs' likeness without an accompanying mention of plaintiffs' names or linkage between plaintiffs' names and likeness with a criminal activity does not constitute a wrongful act. The court finds that since no defamatory characterization has been proved, the plaintiffs' allegations state no cause of action for negligence.

■ The defendant also seeks to dismiss plaintiffs' cause of action for invasion of privacy. Again the court is guided by the decision in *Fogel v. Forbes, Inc.,* 500 F.Supp. 1081, 1087 (E.D.Pa.1980). The plaintiffs must show that there has been some aspect of their private affairs which has been intruded upon and does not apply to matters which occur in a public place or place otherwise open to the public eye. *Id.* at 1087. In *Fogel* the court found that the photograph upon which the plaintiffs base their cause of action appeared in a news magazine to illustrate a newsworthy article and the plaintiffs' appearance in the photograph was merely incidental to the showing of the merchandise discussed in the article. *Id.* at 1089. The court therefore found that no cause of action was stated for invasion of privacy.

The court in *Fogel* discussed in length four distinct torts which divides the invasion of privacy: intrusion upon seclusion, appropriation of name or likeness, publicity given to private life, and publicity placing person in false light. The court stated in ruling out the tort for publicity placing person in false light that, "[i]t is enough that the defendant has given publicity to any matter concerning the plaintiff that creates a 'highly offensive' false impres-

sion about the plaintiff. It is essential, however, that the matter published concerning the plaintiff be untrue." *Id.* at 1087–88. While the court recognized that recovery may be had for "publicity placing person in false light," plaintiff need not be defamed.

■ The courts in Kansas apply the same considerations as the court in *Fogel* when addressing defamation actions. In *Fogel* the court went on to say that the picture and article were not reasonably capable of conveying a meaning or innuendo ascribed by the plaintiffs as the basis for their invasion of privacy claim and that such meaning did not place the plaintiffs before the public in a "false light" highly offensive to a reasonable person. *Id.* at 1088. The court finds that while it is difficult to define precisely the limits of what is and what is not actionable invasion of privacy, the subject of the broadcast in this case was a matter of public concern. Even if the published report was incomplete in the picture and accurately represented the plaintiffs, it did not constitute an actionable invasion of the privacy of plaintiff. The court finds that establishing conditions of liability for invasion of the right of privacy is a matter of harmonizing individual rights with community and social interest. *Langworthy v. Pulitzer Publishing Co.,* 368 S.W.2d 385, 390 (Mo.1963). The court further finds that plaintiffs' allegations do not state a cause of action for intrusion upon seclusion as the broadcast occurred in a public place. *Id.; Fogel,* 500 F.Supp. at 1087. The court further finds that there is no claim that defendant appropriated the name of the likeness of the plaintiffs.

Finally, no claim can be stated for a violation of publicity given to plaintiffs' private life, as the broadcast occurred during plaintiffs' public occupation as bail bondsmen. In conclusion the court finds that plaintiffs' complaint fails to state a cause of action for defamation, negligence, and invasion of privacy.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dis-

miss plaintiffs' amended complaint is hereby granted.