The WOODMONT CORPORATION, Plaintiff,

v.

ROCKWOOD CENTER PARTNERSHIP, et al., Defendants.

Civ. A. No. 91–1465–B.

United States District Court, D. Kansas.

Jan. 21, 1993.

---

**6.** This amount is the jury's award for back pay of $132,368 less the court's remittitur of $9823.30.

**1480**

Gary L. Ayers, Foulston & Siefkin, Wichita, KS, for plaintiff.

David M. Rapp, Hinkle, Eberhart & Elkouri, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants' motion to dismiss Count III of the plaintiff's complaint. (Doc. 8) Count III of the complaint alleges a claim of defamation against each of the defendants.

### FACTUAL BACKGROUND

The defendants hired the plaintiff to develop a shopping center at the intersection of Central Avenue and Rock Road in Wichita, Kansas. In October, 1991, defendant Woody Taylor made statements to newspaper reporters, architects, and prospective tenants that the shopping center would not go forward because of difficulties encountered in obtaining financing. These statements formed the basis of newspaper articles reporting the shopping center was delayed because of financing problems.

Contemporaneously with these statements, the defendants informed the plaintiff that they planned to terminate the Development Agreement executed in connection with the project. The plaintiff thereafter filed suit.

### STANDARD FOR 12(b)(6) MOTIONS

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all material allegations in the complaint, and must construe the complaint in favor of the complaining party. *Warth v.*

*Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts to support the theory of recovery that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.,* 868 F.2d 1147, 1148 (10th Cir.1989).

### DISCUSSION

The defendants argue Count III should be dismissed because the statements complained of are substantially true or protected expressions of opinion, and even if the statements were false and not protected expressions of opinion, plaintiff has failed to plead special damages as required by Fed.R.Civ.P. 9(g). The plaintiff responds that the requirement that special damages be pled has been rendered moot by the Kansas Supreme Court's opinion in *Gobin v. Globe Publishing Co.,* 232 Kan. 1, 649 P.2d 1239 (1982), or, alternatively, that its allegations in paragraphs 13 and 14 satisfy the special damage pleading rules.

The tort of defamation includes both libel and slander. *Batt v. Globe Engineering Co.,* 13 Kan.App.2d 500, 504, 774 P.2d 371, *rev. denied,* 245 Kan. 782 (1989) (Citation omitted). The elements of a defamation claim are: (1) false and defamatory words; (2) communication to a third party; (3) resulting harm to the reputation of the person defamed. *Id.*

The threshold question is whether the statements made by the defendants are false. *See Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 16, 110 S.Ct. 2695, 2704, 111 L.Ed.2d 1, 16 (1990) (citing *Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 776, 106 S.Ct. 1558, 1563, 89 L.Ed.2d 783 (1986) (Constitution requires the plaintiff in a defamation action to show falsity before recovering damages)). Paragraph 12 of the Complaint alleges:

Defendants have willfully and wantonly made public announcements that the rea-

son the above shopping center is not going to be completed is due to plaintiff's failure to obtain financing for defendants, when in fact the defendants willfully refused to cooperate in good faith with plaintiff to obtain financing.

The alleged falsity of the statement in paragraph 12 concerns not the lack of financing for the shopping center, but who is responsible for the lack of financing. The plaintiff has alleged the defendants falsely stated the plaintiff is responsible for the shopping center's financing problems. Accepting the plaintiff's allegation as true, as the court must at this stage of the proceedings, the plaintiff has alleged a false statement by defendants.

■ In addition to being false, the plaintiff must also show the statement is defamatory.[1] The question of whether the challenged statement is capable of conveying a defamatory meaning is the responsibility of the court. *Southern Air Transport, Inc. v. American Broadcasting Companies, Inc.,* 877 F.2d 1010, 1013–14 (D.C.Cir.1989). A statement is defamatory if it tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinion against him. *Gomez v. Hug,* 7 Kan.App.2d 603, 611, 645 P.2d 916, *rev. denied,* 231 Kan. 800 (1982). In the case at bar, the mere fact that plaintiff failed to obtain financing for the shopping center, standing alone, is not susceptible to a defamatory meaning. It is only when this assertion is coupled with an implication of wrongdoing on the part of the plaintiff that the statement can be construed to defame plaintiff.

In *White v. Fraternal Order of Police,* 909 F.2d 512 (D.C.Cir.1990), the court discussed the standards of defamation by implication. The court recognized the need to be vigilant so as not to allow implied defamatory meaning to be manufactured from words not reasonably capable of sustaining such meaning. *Id.* at 518. The court set forth the following standard to ascertain whether a statement was defamatory:

> The usual test applied to determine the meaning of a defamatory utterance is whether it was reasonably understood by the recipient of the communication *to have been intended* in the defamatory sense. . . . When one uses language, one is held to the construction placed on it by those who hear or read, *if that construction is a reasonable one.*

*Id.* at 519.

In other words, the language used must, as a matter of law, be reasonably capable of a defamatory interpretation and a jury must find that the language was actually understood by the recipient in that sense. *Id.*

The plaintiff's business includes working with financial institutions to arrange financing on projects such as the proposed shopping center. Other persons in the business field could reasonably draw several conclusions from the defendants' statements that might affect whether they do business with plaintiff in the future. They might conclude the failure to obtain financing is due to plaintiff's failure to exercise competence and diligence. They might also conclude the failure is due to some factors beyond plaintiff's control, such as the refusal of the defendants to cooperate in the endeavor. The court cannot say at this point that the statements are not reasonably capable of a defamatory interpretation.

■ The defendants contend the statements are not actionable because they constitute an expression of opinion. They cite to *Rinsley v. Brandt,* 700 F.2d 1304, 1307 (10th Cir.1983), wherein the court stated:

> Whether a given statement constitutes an assertion of fact or an opinion is a question of law to be determined by the court. (Citation omitted) 'The distinction frequently is a difficult one, and what constitutes a statement of fact in one context may be treated as a statement of opinion in another, in light of the

---

1. Defamatory meaning and falsity are distinct elements of the tort of defamation and are considered separately. *White v. Fraternal Order of Police,* 909 F.2d 512, 520 (D.C.Cir.1990).

nature and content of the communication taken as a whole. (Citation omitted) Even if a statement is an opinion and hence generally not actionable under the *Gertz* decision, the opinion nevertheless may give rise to a cause of action if it implies the allegation of undisclosed defamatory facts as the basis of the opinion.' (Citation omitted)

*Id.* at 1309.

*Rinsley* rests on the view that assertions of opinion are entitled to absolute protection. Subsequent to *Rinsley*, the Supreme Court addressed the scope of First Amendment protection for expressions of opinion in the application of state defamation laws in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 16, 110 S.Ct. 2695, 2704, 111 L.Ed.2d 1, 16 (1990). In *Milkovich*, a high school wrestling coach and superintendent of the school district testified at a hearing held in an Ohio state court concerning an incident that occurred at a wrestling meet involving the coach's team. Shortly thereafter, an article appeared in a local newspaper criticizing the conduct of the coach and stating the coach lied at the hearing. The coach and superintendent thereafter commenced lawsuits in state court against the author of the article and the newspaper owner. The Ohio Supreme Court ultimately affirmed a trial court's grant of summary judgment in favor of the defendants, holding that the article in question was constitutionally protected opinion. *Milkovich v. News–Herald*, 46 Ohio App.3d 20, 23, 545 N.E.2d 1320 (1989). The Supreme Court granted certiorari and reversed.

The Court reviewed the evolution of the cause of action for defamation and noted the common law deemed actionable defamatory communications regardless of whether they were deemed fact or opinion. 497 U.S. at 13, 110 S.Ct. at 2702, 111 L.Ed.2d at 14. In order to alleviate the concern that burdensome defamation laws could stifle valuable public debate, a "fair comment" privilege was recognized as an affirmative defense in defamation actions.

The Court then reviewed its precedents on the First Amendment limits on the application of state defamation laws. These precedents include the "actual malice" test applied to defamation actions against public officials (*New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)) and public figures (*Curtis Publishing Co. v. Butts*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967)). The Court declined to extend the "actual malice" standard to a private individual's defamation action involving statements of public concern. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). However, the Court held the States could not impose liability without requiring a showing of fault, nor could they permit recovery of presumed or punitive damages on less than a showing of "actual malice." *Id.* at 347–48, 350, 94 S.Ct. at 3010–11, 3012. Finally, the Court recognized constitutional limits on the *type* of speech which may be the subject of state defamation laws. *Milkovich*, 497 U.S. at 16, 110 S.Ct. at 2704, 111 L.Ed.2d at 16 (citing *Greenbelt Cooperative Publishing Assn., Inc. v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970) (use of word "blackmail" in newspaper article not defamatory in circumstances); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988) (First Amendment protected ad parody of public figure in state emotional distress action); *Letter Carriers v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) (use of word "traitor" in literary definition of a union "scab" not a basis for a defamation action under federal law)).

The defendants argued the First Amendment mandated an inquiry in every defamation case into whether the statement at issue is "opinion" or "fact." According to the defendants, only the latter category may be actionable, and they proposed a number of factors developed by the lower court to delineate the two categories. *Milkovich* at 19, 110 S.Ct. at 2706, 111 L.Ed.2d at 18. The Court, however, rejected the practice developed by the lower courts of applying a strict dichotomy between assertions of fact and assertions of opinion in determining the scope of First Amendment protection. *Id.* The Court believed existing doctrine provided adequate protection

for freedom of expression without crafting an additional separate constitutional privilege for "opinion." The Court reiterated that statements of opinion are not absolutely privileged, but have First Amendment protection to the extent they have "no provably false factual connotation." *Id.* Stated another way, the question under this standard is whether the person has made an assertion that can reasonably be understood as implying provable facts. The standard also protects the use of loose, hyperbolic language that cannot reasonably be interpreted as stating actual facts. *Milkovich* at 20, 110 S.Ct. at 2706, 111 L.Ed.2d at 19.

The Court framed the issue before it as whether or not a reasonable factfinder could conclude that the statements in the newspaper column imply an assertion that the coach perjured himself in the judicial proceeding. *Id.* The Court answered this question in the affirmative, finding the clear impact of the article to be that Milkovich lied at the hearing. The Court also found the article's connotation that petitioner committed perjury was sufficiently factual to be susceptible of being proved true or false. *Id.*

Likewise, in the case at bar, the issue is whether a reasonable factfinder could find the defendants' statements imply the following provable fact: the plaintiff's actions were the cause of the failure to obtain financing for the shopping center. The court finds the statement could be construed to imply this fact. Thus, the statement is not constitutionally protected as an expression of opinion.

The defendants contend the plaintiff has failed to plead special damages as required by Fed.R.Civ.P. 9(g), which provides:

"When items of special damage are claimed, they shall be specifically stated."

■ In this diversity action, the court must ascertain whether the substantive law of Kansas requires a plaintiff to plead special damages[2] in a defamation action.

In *Gobin v. Globe Publishing Co., supra,* the Kansas Supreme Court reviewed the effect of a series of United States Supreme Court opinions upon Kansas defamation law and explained:

Prior to *Gertz,* (*Gertz v. Robert Welch, Inc.,* 418 U.S. 323 [94 S.Ct. 2997, 41 L.Ed.2d 789] (1974)) Kansas followed the common law rule dividing libel into libel per se and libel per quod. Libel per se involved words form which malice was implied and damage was conclusively presumed to result. General damages from such a publication arose by inference of law and the plaintiff was not obliged to establish damage by proof. (Citations omitted) . . .

*Gertz,* as we pointed out in *Gobin I,* effected an immediate change upon the rule in Kansas and in those other states which presumed damages upon the establishment of libel per se, and permitted recovery based upon that presumption. Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel.

232 Kan. at 4–5, 649 P.2d 1239.

In *Polson v. Davis,* 895 F.2d 705 (10th Cir.1990), the Tenth Circuit observed that *Gobin* had abolished the distinction between defamation per se and defamation per quod. *Id.* at 708. This statement must be understood in the context of *Gobin.* Prior to *Gobin,* a plaintiff seeking recovery for defamation per quod was required to allege and prove special damages. *See Gomez v. Hug,* 7 Kan.App.2d at 612, 645 P.2d 916. *Gobin* merely changed the previous rule that damages are presumed in defamation per se cases. It does not alter the requirement that special damages be shown in defamation per quod cases. *See Hartman v. Meredith Corp.,* 638 F.Supp. 1015, 1016 (D.Kan.1986).

■ The plaintiff seeks to avoid the requirement of pleading special damages by

---

2. Special damages are those which, although resulting from the commission of the wrong, are neither such a necessary result that they will be implied by law nor will be deemed within the contemplation of the parties. *Cotton Bros. Baking Co. v. Industrial Risk Insurers,* 102 F.R.D. 964, 966 (D.C.La.1984).

arguing the statements forming the basis of its claim fall within the defamation per se category. A defamatory statement is defamatory per se if it falls into one of four categories, namely: (1) Imputation of a crime; (2) imputation of a loathsome disease (usually venereal); (3) imputation of a person's unfitness for his trade or profession; or (4) imputation that a woman is unchaste. *Gomez,* 7 Kan.App.2d at 612, 645 P.2d 916 (quoting *Kraisinger v. Liggett,* 3 Kan.App.2d 235, 236–37, 592 P.2d 477 *rev. denied,* 226 Kan. 792 (1979)).

The plaintiff argues the defendants' statements run afoul of the third category. Actionable statements in this category must be of such a character as to disparage the plaintiff's pursuit of its business. Restatement of the Law 2d (Torts) § 573, p. 192–93 (1977). Statements imputing a single mistake are only actionable if the mistake fairly implies a habitual course of conduct. *Id.* at 193–94.

The court does not believe the defendants' statements fall into the third category. The defendants' statements do not raise the inference of a pattern of incompetence. The statements at issue pertain to a single project. Thus, the statements fall under the category of defamation per quod.

■ The plaintiff contends it has sufficiently pled special damages, citing *Koerner v. Lawler,* 180 Kan. 318, 304 P.2d 926 (1956). In *Koerner,* the plaintiff was a plumber operating a business in Newton. The defendant City Manager wrote a letter to the plaintiff charging him with violating a city ordinance and threatened action against him if further violations occurred. The City Manager sent a copy of this letter to each and every plumbing firm in Newton and placed a copy of the letter on a bulletin board in a public place.

The Court considered the language of the defamatory statements as libel *per quod.* The court stated that in order to state a cause of action for libel or slander *per quod,* the special damages resulting

therefrom must be alleged, a mere general allegation of damages being insufficient. *Id.* at 322, 304 P.2d 926. It found that although the petition did not in so many words allege that plaintiff had already suffered specific damages, it was logical and reasonable to infer from the letter and its publication that plaintiff had suffered damage in his profession and therefore had sufficiently alleged damage resulting from a libel per quod to withstand a demurrer. *Id.*

The existence of special damages is an essential ingredient of plaintiff's claim for relief. 5 Wright, Miller and Kane, *Federal Practice and Procedure,* § 1310 at 702 (1990). In Paragraph 14 of the complaint, plaintiff has merely made the general allegation that defendants' public statements damaged its business reputation. It has not named any customer whose business was lost as a result of the statement, nor has it alleged the amount of such loss. *Cf. Thompson v. Osawatomie Publishing Co.,* 159 Kan. 562, 564, 156 P.2d 506 (1945). The plaintiff's allegations are insufficient, in our judgment, to satisfy the dictates of Rule 9(g).

The court will grant the plaintiff 15 days to file an application seeking leave of court to amend its complaint to allege special damages. The defendants shall have 15 days to respond to any such amendment. If no such application is filed, the court will rule on the motion in accordance with the views expressed in this opinion.

IT IS SO ORDERED.