Frederick Lawrence **WHITE**, Jr. and
Benjamin L. Staponski, Jr.,
Plaintiffs,

v.

**GENERAL MOTORS CORPORATION,
INC., Defendant.**

Civ. A. No. 88–2053–S.

United States District Court,
D. Kansas.

Sept. 30, 1988.

Gwen G. Caranchini, Kansas City, Mo.,
Linda Scott Skinner, Overland Park, Kan.,
for plaintiffs.

Paul Scott Kelly, Jr., John J. Yates, R.
Kent Sellers, Bernard J. Rhodes, Gage &
Tucker, Kansas City, Mo., Stephen A. Mur-

phy, Gage & Tucker, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

Several matters are pending before the court in the above-captioned case. Defendant has filed a motion to dismiss and for summary judgment, and plaintiffs have filed a motion for partial summary judgment. Defendant responded to plaintiffs' motion by moving for a separate trial on the issue of release and for a stay of plaintiffs' motion for summary judgment on issues other than release. Plaintiffs also seek to amend Count I of their complaint.

Frederick Lawrence White, Jr. ("White") and Benjamin L. Staponski, Jr. ("Staponski") claim that they were constructively discharged from their employment with defendant General Motors Corporation ("GM") for their "whistleblowing" activities, and that defendant breached an implied contract of employment. Plaintiff White also sues defendant for slander arising out of alleged statements made by defendant's representatives in giving an employment reference.

Defendant seeks dismissal and/or summary judgment on the grounds that by written agreement, plaintiffs released all possible claims they may have had against defendant. In the alternative, defendant requests that if summary judgment is not granted in their favor on the release issue, the remainder of the proceedings should be stayed pending a resolution of this issue. Defendant seeks summary judgment on the slander claim on the grounds that there is a total lack of evidence to support White's assertion that the allegedly slanderous statement was made. Plaintiffs seek summary judgment in their favor, not only on the release issue, but on other factual issues regarding their "whistleblowing" activity.

The uncontroverted facts for purposes of this motion are as follows. Prior to May 28, 1987, plaintiffs White and Staponski were salaried employees of defendant GM. On that date, they executed documents entitled "Statement of Acceptance of Special Incentive Separation." * Those documents provided that in return for certain consideration, they released GM "from all claims, demands, and causes of action, known or unknown, which [they] may have [had] based on the cessation of [their] employment at General Motors. [The] release specifically include[d] ... any ... federal, state, or local law, order, or regulation, or the common law relating to employment and any claims for breach of employment contract, either express or implied." Approximately two weeks before the releases were executed, GM management advised plaintiffs that they would be "offered" the opportunity to sign the separation agreements. Plaintiffs allege that GM provided them two alternative courses of action: they could sign the releases or they would be fired. After two weeks, both plaintiffs signed the releases. Defendant now pleads those releases as an affirmative defense to plaintiffs' charges of wrongful discharge and breach of implied contract.

In support of his slander claim, plaintiff White claims he was defamed by GM management when a prospective employer, Westlake Hardware, allegedly called for an employment reference. White offers his affidavit showing that a personnel official at Westlake Hardware told him that someone at GM had told her White was a "troublemaker."

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty*

---

* The court rejects plaintiffs' bald assertions that they did not in fact execute the releases in question. Defendant has shown the court signed copies of those releases, and plaintiffs have failed to show the court any evidence which might establish the signatures were falsified or the copies altered. Plaintiffs' mere denials are simply not sufficient to defeat a summary judgment motion.

*Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The court will first address defendant's argument that plaintiffs' releases bar them from bringing this action for wrongful discharge and breach of implied contract. The existence of a release may be pled as an affirmative defense, and the defendant has the burden of proof in establishing its existence. *Tabor v. Lederer,* 205 Kan. 746, 748, 472 P.2d 209, 211 (1970). The law generally favors the compromise of disputes, and the courts will uphold a release's validity if it is not procured by fraud or bad faith. *Fieser v. Stinnett,* 212 Kan. 26, 31, 509 P.2d 1156, 1159–60 (1973). Once the party claiming the existence of a release meets its burden of proof, the burden shifts to the other party to show fraud, duress, or bad faith. *Libel v. Libel,* 5 Kan.App.2d 367, 368, 616 P.2d 306, 308 (1980).

■ Plaintiffs argue that they signed the releases under duress, in that GM threatened they would be fired if they refused to sign the releases. In order to establish duress, a party must show: 1) the other party intended to coerce him, 2) the other party had as an objective the securing of an undue advantage over him, 3) the action taken by the other party was of a character adapted to overcome his will and was reasonably adequate to accomplish that purpose, 4) the action taken must have in fact deprived him of his free will, and 5) the action must have caused him to act to his detriment. *Libel v. Libel, id.; Motor Equipment Co. v. McLaughlin,* 156 Kan. 258, 133 P.2d 149, 155 (1943). Whether a set of facts are sufficient to constitute duress if proven is a question of law. *Hastain v. Greenbaum,* 205 Kan. 475, 482, 470 P.2d 741, 746 (1970). This court must therefore examine whether GM's alleged threats of termination would be sufficient to constitute duress if proven to be true.

■ The court concludes that the facts presented would not be sufficient to constitute duress. While plaintiffs were presented with two undesirable choices, this fact alone is not sufficient to constitute duress. Instead, the threats made must be so great as to overcome a person's will. Plaintiffs here did not have to sign the releases; they could have chosen to allow GM to fire them without severance pay, and then pursued GM in court for wrongful discharge and/or breach of implied contract. They did not select this alternative. After two weeks' reflection and at least some attempt to contact attorneys, they chose to take GM's offer of severance pay in return for their releases. While a court may not agree that plaintiffs chose the wisest or fairest course, it was plaintiffs' choice to make. The court rejects plaintiffs' duress argument.

■ Plaintiffs also claim the releases should be invalidated because of fraud. However, as defendant points out, plaintiffs fail to state with any particularity what facts might support this claim. Instead, they engage in an extended discussion of the law concerning fraud, but they never tell the court what GM allegedly did that constituted fraud. Frankly, the court is at a loss as to what plaintiffs are claiming. *Anderson* and *Celotex Corp.* require

that in order to defeat a motion for summary judgment, plaintiffs must show the court the existence of some evidence which would create a genuine issue of fact and therefore make summary judgment inappropriate. In their response, plaintiffs have wholly failed to show the court any facts which if proven would support a claim of fraud. A general claim of fraud and a discourse on the applicable law is completely insufficient. Therefore, plaintiffs' fraud argument is rejected.

■ Since the court has rejected plaintiffs' fraud and duress claims, it will not be necessary for the court to address defendant's argument that plaintiffs ratified the releases by continuing to accept the benefits of the agreements after learning of the alleged fraud and/or after the alleged duress was removed. Likewise, plaintiffs' argument that the consideration GM gave for the releases was inadequate can be summarily disposed of. Kansas law provides that absent evidence of fraud or duress, a court shall not inquire into the adequacy of the consideration given. *International Motor Rebuilding Co. v. United Motor Exchange, Inc.*, 193 Kan. 497, 501, 393 P.2d 992, 996 (1964). Since the court has determined that no fraud or duress existed, plaintiffs' inadequacy of consideration argument can also be rejected.

■ The court also rejects plaintiffs' related argument that GM failed to pay a portion of the consideration promised. They argue that because they have not received all payments promised (allegedly some medical benefits and career counseling), the releases should not be enforced. Kansas law provides that partial failure of consideration does not invalidate a contract and does not relieve a party of the duty to perform. *Kohn v. Babb*, 204 Kan. 245, 251, 461 P.2d 775, 780 (1969). Plaintiffs' contention is rejected.

Plaintiffs also make an argument that the releases should be voided because their terms are ambiguous. They claim that this ambiguity lies in the release's failure to specify whether unknown claims or those arising at the time the releases were signed are included within the scope of the release. This argument is specious. The release plainly provides that plaintiffs "release[d] and discharge[d] General Motors ... from all claims, demands, and causes of action, *known or unknown,* which [they] may have [had] *based on the cessation of [their] employment* at General Motors." (Emphasis added.) The court has difficulty envisioning language that would be clearer. Plaintiffs released both known and unknown claims, and they released all claims arising out of their termination. Plaintiffs' argument is without merit.

■ Plaintiffs also claim the releases should be void as against public policy, because they seek to absolve a party from liability for an intentional tort (*i.e.*, wrongful discharge). All authorities cited by plaintiffs address the enforceability of exculpatory clauses which operate prospectively. The court is aware of no authority in Kansas or elsewhere which would void the release of past intentional torts on public policy grounds. In fact, the law of Kansas favors the settlement of past claims, whether they are based on intentional or negligent action. *Fieser v. Stinnett*, 212 Kan. at 31, 509 P.2d at 1160. Therefore, even if the tort of wrongful discharge can be termed an "intentional tort", the settlement of such a claim cannot be deemed void as against public policy, and plaintiffs' argument fails.

Finding no grounds sufficient to void the release in question, the court will grant dismissal and/or summary judgment on Counts I and II.

■ Finally, the court will address White's slander claim. He bases his claim on his assertion that someone at GM gave him a bad employment reference; he alleges that a GM official told a representative of Westlake Hardware that he was a "troublemaker." Even if such a statement were to constitute slander, plaintiff has failed to meet his burden in the face of a summary judgment motion. He has shown the court no facts which would support his assertion. Defendant, on the other hand, shows the court that it has investigated the claim and can find no one to substantiate it. No one

at GM admits to making the statement, and more importantly, the representative of Westlake Hardware to whom the statement was allegedly made says in her affidavit that she did not call GM for a reference on White. Plaintiff responds that this same representative of Westlake Hardware told him that someone at GM said he was a "troublemaker." White's statement is of no value because it is plainly hearsay. Since this is the only "evidence" plaintiff has to offer in the face of a summary judgment motion, the motion must be granted.

For all of these reasons, defendant's motion to dismiss and for summary judgment will be granted, and plaintiffs' motion for partial summary judgment will be denied. Additionally, defendant's motion for separate trial on the issue of release and for stay of plaintiffs' motion for summary judgment on issues other than the release will be denied as moot. Finally, plaintiffs' motion for leave to amend Count I, which simply seeks to amend the "whistleblowing" claim to conform to recent Kansas law, will be denied as moot.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss and for summary judgment is granted. IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment is denied. IT IS FURTHER ORDERED that defendant's motion for separate trial on the issue of release and for stay of plaintiffs' motion for summary judgment on issues other than release is denied as moot. IT IS FURTHER ORDERED that plaintiffs' motion for leave to amend Count I is denied as moot.