Frederick Lawrence WHITE, Jr., and Benjamin L. Staponski, Jr., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. A. No. 88–2053–S.

United States District Court, D. Kansas.

April 10, 1989.

Gwen G. Caranchini, Gwen G. Caranchini, Kansas City, Mo., Linda Scott Skinner, Overland Park, Kan., for plaintiffs.

Paul Scott Kelly, Jr., John J. Yates, R. Kent Sellers, Bernard J. Rhodes, Gage & Tucker, Kansas City, Mo., Stephen A. Murphy, Gage & Tucker, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for sanctions. On September 30, 1988, this court granted defendant's motion for summary judgment in this case. *See White v. General Motors Corp., Inc.,* 699 F.Supp. 1485 (D.Kan.1988). The court found that plaintiffs had released defendant from all liability arising out of their alleged "whistleblowing" activities. The court further found that the releases signed by plaintiff could not be invalidated on the basis of fraud, because plaintiffs failed to plead fraud with specificity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The court also rejected plaintiffs' contentions that the terms of the releases were ambiguous and that the releases should be void as against public policy. Further, the court found there was no evidence to support plaintiff Frederick Lawrence White, Jr.'s ("White") slander claim. Defendant now seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure, contending that plaintiffs and their attorneys failed to make a reasonable inquiry into the relevant facts and into the applicable law, that they brought this litigation for an improper purpose, and that they unduly multiplied the cost of these proceedings with burdensome discovery requests.

■ Rule 11 of the Federal Rules of Civil Procedure provides that in signing a pleading, an attorney or party certifies that after "reasonable inquiry", the signer has formed the belief that the matter asserted in the pleading:

[I]s well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

A pleading signed in violation of Rule 11 subjects the signer to sanctions, which can include an order to pay to the other party the amount of the reasonable expenses in-

curred because of the filing of the pleading, including reasonable attorney's fees. The imposition of sanctions is mandatory if a violation of Rule 11 is established. *See Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir.1988); *Burkhart v. Kinsley Bank*, 852 F.2d 512, 515 (10th Cir.1988). A finding of subjective bad faith is not required in order to impose Rule 11 sanctions; rather, the court should evaluate the parties' actions under an objective standard. The standard, then, is one of reasonableness under the circumstances. *Burkhart v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir.1986).

■ The court will first address defendant's contention that plaintiffs and their attorneys failed to make a reasonable inquiry into the relevant facts in this case. The uncontroverted facts presented to the court on summary judgment showed that both plaintiffs had executed documents entitled "Statement of Acceptance of Special Incentive Separation." Those documents provided that in return for severance pay, plaintiffs released General Motors Corporation ("GMC"):

> [F]rom all claims, demands, and causes of action, known or unknown, which [they] may have [had] based on the cessation of [their] employment at General Motors. [The] release specifically include[d] ... any ... federal, state, or local law, order, or regulation, or the common law relating to employment and any claims for breach of employment contract either express or implied.

*White*, 699 F.Supp. at 1486.

The uncontroverted facts further showed that the plaintiffs signed the releases after considering them for approximately two weeks. The original complaint in this case made no mention of signed releases. However, defendant now shows the court that prior to the time plaintiffs' attorneys filed the complaint, defendant's attorneys advised them that plaintiffs had signed releases and that General Motors ("GM") was thus not liable for their alleged wrongful discharge. Plaintiffs' attorneys did not obtain copies of those releases before filing the complaint. Instead, it appears that plaintiffs' attorneys proceeded to file the complaint as if no releases existed, despite the fact that they had been put on notice of their existence. Further, it does not appear that plaintiffs' attorneys even attempted to obtain copies of the releases.

Rule 11 provides that in signing a pleading, an attorney certifies that to her "knowledge, information and belief formed after reasonable inquiry," the matter asserted in the pleading is "well grounded in fact." The court finds that plaintiffs' attorneys failed to meet the requirements of Rule 11 because they failed to conduct a reasonable inquiry and obtain a copy of the releases before they filed the complaint. They were put on notice before the complaint was filed that those releases did exist; they were under no time constraints brought on by the running of the statute of limitations or otherwise which would have prevented them from taking the reasonable step of at least reviewing the releases to determine whether they were enforceable. Plaintiffs' attorneys state that they were, at first, unable to locate a copy of the releases. However, under the circumstances, a reasonable attorney would have waited until she obtained copies of those releases before going ahead with the filing of the complaint.

■ Defendant raises a second issue regarding plaintiffs' and their attorneys' failure to make a reasonable inquiry into the relevant facts. In his slander claim, plaintiff White had contended that he had applied for a job with Westlake Hardware. He stated that that employer had contacted GM and that someone at GM had told his prospective employer White was a "troublemaker." *White*, 699 F.Supp. at 1486. In his complaint, he did not state the name of the person at GM who allegedly made the statement, nor did he give the name of the person at Westlake Hardware who had asked for the reference. Defendant now shows the court that after an exchange of letters between the attorneys, plaintiffs' attorneys gave GM's attorneys the name of the person at Westlake Hardware who allegedly called GM for the reference on White. GM's attorneys contacted this per-

son immediately, and that person stated in an affidavit that she did not call GM for a reference on White. *Id.* at 1489. Plaintiff White had no other evidence to contradict her affidavit. After GM obtained the affidavit, counsel for GM contacted plaintiffs' attorneys and asked that they dismiss the slander claim. They refused to do so, and instead continued to assert it in their briefing on the summary judgment motion.

The court finds that plaintiffs' and their attorneys' insistence on pursuing the slander claim without a "reasonable inquiry" into whether it was "well grounded in fact" constitutes another violation of Rule 11. The court is left with the inescapable conclusion that plaintiffs' attorney in fact conducted no investigation into whether anyone at Westlake Hardware had sought a reference from GM or whether any derogatory statements had been made concerning White.

■ Defendant next contends that plaintiffs' and their attorneys violated Rule 11 of the Federal Rules of Civil Procedure by advancing their claims without a belief that the claims were "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Defendant argues that under Kansas law, the issue of whether a certain set of facts constitutes duress is initially a question of law. Indeed, this court found this was the established law in this jurisdiction. *See id.* at 1487 (citing *Hastain v. Greenbaum*, 205 Kan. 475, 482, 470 P.2d 741, 746 (1970)). Plaintiffs' attorneys contend that the court's application of the black letter law set out in Hastain was in error. In fact, plaintiffs' attorneys attempt to distinguish the facts in *Hastain* from those in this case, and place great weight on the fact that unlike the instant case, *Hastain* was a case involving an obligation on a note. However, the argument set out by plaintiffs is specious, for it presents a distinction without a difference. Kansas law is well-established that under any fact scenario, the question of whether a certain set of facts constitutes duress is an issue for the court to decide. *See, e.g., Jones v. Prickett*, 135 Kan. 640, 644, 11 P.2d 1008, 1010

(1932); *Western Paving Co. v. Sifers*, 126 Kan. 460, 463–64, 268 P. 803, 805 (1928). Plaintiffs' contention that whether a certain set of facts constitutes duress is an issue for the jury is not well-founded. Plaintiffs and their attorney violated Rule 11 by continuing to insist that their position was supported by existing law, and sanctions are in order.

Plaintiffs also sought to void the releases in question on the grounds that they were unconscionable, ambiguous, and were procured through fraud. The court rejected each of these contentions in its Memorandum and Order of September 30, 1988. *See White*, 699 F.Supp. at 1487–88. The court rejected plaintiffs' unconscionability argument since under Kansas law, absent fraud or duress, the court may not inquire into the fairness of the agreement between the parties. *Id.* at 1488 (citing *International Motor Rebuilding Co. v. United Motor Exchange, Inc.*, 193 Kan. 497, 501, 393 P.2d 992, 996 (1964)). The court also found plaintiffs' ambiguity argument was specious; they had contended that the release was unclear as to whether unknown claims or those arising at the time the releases were signed were also included within the scope of the release. The language in the release plainly stated that unknown claims based on the cessation of plaintiffs' employment were discharged by the release. *White*, 699 F.Supp. at 1488. Finally, the court found that plaintiffs' fraud claim was without merit because they failed to plead fraud with any degree of specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The court finds the contention that the releases were ambiguous was not well-founded in fact or in existing law and therefore violated Rule 11. However, since the court's rejection of plaintiffs' fraud claim was based simply on the form of pleading, that claim did not in and of itself violate Rule 11. Further, since the court rejected the fraud claim, it also refused to inquire into the unconscionability issue, and the court will not find that plaintiffs and their attorneys violated Rule 11 by pleading unconscionability.

Finally, defendant contends that plaintiffs violated Rule 11 by advancing their action for an improper purpose and needlessly increasing the cost of litigation. Rule 11 provides that by signing a pleading, the signer certifies that the pleading is "not interposed for any improper purpose," or "to cause unnecessary delay or needless increase in the cost of litigation." Defendant refers to plaintiffs' attorneys' statements in correspondence with defendant before the case was filed, threatening not only to file the suit if a settlement could not be reached, but also threatening to contact the media and governmental agencies concerning their charges that they had been fired for "whistleblowing." In response, plaintiffs do not deny that they threatened to contact the media and create adverse publicity for defendant if their settlement demands were not met. In light of the fact that this court has found plaintiffs failed to make a reasonable inquiry into the facts in this case, and that plaintiffs pursued claims which were not warranted by existing law, the court finds that plaintiffs' threats to publicize those baseless claims and their subsequent filing of the lawsuit were improper and in violation of Rule 11. Finally, the court would simply note that the voluminous discovery requests filed by plaintiffs in this case were unwarranted since plaintiffs' claims were not well-founded in fact or in law. Again, plaintiffs and their attorney were in violation of Rule 11.

Since the court has found numerous violations of Rule 11 of the Federal Rules of Civil Procedure in the prosecution of this action, sanctions are in order. The court especially notes the total failure of plaintiffs' counsel to investigate the facts in support of the claims and their refusal to acknowledge well-established law in this jurisdiction. Because of those egregious violations of Rule 11, in addition to those other violations noted by the court in this Memorandum and Order, plaintiffs and their attorneys shall be ordered to pay defendant's costs and attorneys' fees incurred in defending this case. Those costs and fees shall include any incurred in pursuing the motion for sanctions. Defendant's attorneys shall file an affidavit with-in ten (10) days from the date of this Memorandum and Order, setting out those costs and fees in detail. Plaintiffs' attorneys' may have ten (10) days to respond to defendant's statement, and defendant will then have five (5) days to reply.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for sanctions is granted. Defendant shall file an affidavit detailing its costs and attorneys' fees incurred in defending this action within ten (10) days from the date of this Memorandum and Order.