Max **RIBEAU**, Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF COFFEY COUNTY, KANSAS, Defendant.**

Civ. A. No. 90–2157–V.

United States District Court, D. Kansas.

Nov. 1, 1990.

Stanley L. Wiles, Kansas City, Mo., for plaintiff.

Larry G. Pepperdine, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Max Ribeau has filed a Complaint in this court in which he states that he is appealing an adverse decision of the Kansas Supreme Court. Defendant Board of County Commissioners of Coffey County, Kansas, now moves the court (Doc. 3), pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4) and (6), for an order of the court dismissing the case. Plaintiff has responded and opposes defendant's motion (Doc. 4). For the reasons stated below, defendant's motion to dismiss is granted and the case is dismissed with prejudice. The court also concludes that the filing of the Complaint in this court is frivolous and that sanctions should be imposed upon plaintiff's counsel pursuant to Fed.R.Civ.P. 11.

A review of the Complaint filed in this case reveals that plaintiff invokes the jurisdiction of the "United States District Court for the Eastern District of Kansas" (*sic*) for the purpose of hearing "an appeal of the Kansas Supreme Court's Decision ..." in case number 89–64171–A. Pl. Complaint, ¶ 5. The Complaint also contains the following allegations: Plaintiff filed a "Petition for Damages" in the District Court of Coffey County, Kansas, on April 29, 1989 (¶ 1). On June 27, 1989, the District Court of Coffey County, Kansas, granted defendant's motion for summary judgment (¶ 2). Plaintiff appealed the decision to the Kansas Court of Appeals, which in a Memorandum Opinion dated March 9, 1990, upheld the decision of the district court (¶ 3). Plaintiff appealed the decision of the Kansas Court of Appeals to the Kansas Supreme Court, which denied his "Petition for Review" (¶ 4). Plaintiff now asks this court to review the Kansas Supreme Court's decision, reverse it and remand the case for trial to the District Court of Coffey County, Kansas (¶ 21).

We conclude that we lack subject matter jurisdiction over this controversy. It is well established that a United States District Court does not have any appellate jurisdiction over final judgments of a state

court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1314–15, 75 L.Ed.2d 206 (1983). In *Feldman,* the United States Supreme Court stated that federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.,* 460 U.S. at 486, 103 S.Ct. at 1317. Such review may be had only in the United States Supreme Court. *Id.;* 28 U.S.C. § 1257; *see also Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986). Because we lack subject matter jurisdiction over this controversy, the case is dismissed. Fed.R.Civ.P. 12(b)(1); *Van Sickle,* 791 F.2d at 1436.

 Additionally, we conclude that defendant is entitled to recover the costs of defending this action, including reasonable attorney fees, from plaintiff's attorney as sanctions under Fed.R.Civ.P. 11. Rule 11 provides that in signing a pleading, an attorney or party certifies that after "reasonable inquiry," the signer has formed the belief that the matter asserted in the pleading:

> [I]s well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose ...

A pleading signed in violation of Rule 11 subjects the signer to sanctions, which can include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney's fees. *White v. General Motors Corp.,* 126 F.R.D. 563, 564–65 (D.Kan.1989). The imposition of sanctions is mandatory if a violation of Rule 11 is established. *See Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir.1988). A finding of subjective bad faith is not required in order to impose Rule 11 sanctions; rather the court should evaluate the parties' actions under an objective standard. The standard is one of reasonableness under the circumstances. *Burkhart*

*v. Kinsley Bank,* 804 F.2d 588, 589 (10th Cir.1986).

 Rule 11 thus imposes an obligation on the signer of a pleading to conduct a reasonable inquiry into whether the pleading is legally frivolous or factually unsupported. We conclude that in this case, applying an objective standard, an attorney, after reasonable inquiry, could have determined that under existing law it is legally frivolous to attempt to appeal a final judgment of a state court to federal district court. *Feldman,* 460 U.S. 462, 103 S.Ct. 1303. Yet, plaintiff's counsel attempted to do just that. Furthermore, we conclude that plaintiff's counsel has failed to make a "good faith argument" that the existing law should be extended, modified or reversed. Because the Complaint that plaintiff's counsel signed and filed in this case is patently frivolous, *Adamson v. Bowen,* 855 F.2d at 672, mandates that plaintiff's counsel be sanctioned under Fed.R.Civ.P. 11. We conclude that defendant is entitled to recover the costs and expenses of defending this case, including reasonable attorney fees.

Defendant's counsel is therefore directed to file an affidavit within ten (10) days from the date of this Memorandum and Order, setting out those costs and fees in detail. Plaintiff's counsel shall have ten (10) days thereafter to respond to defendant's affidavit.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss (Doc. 3) is granted. The case is dismissed with prejudice.

IT IS FURTHER ORDERED that defendant is granted sanctions against plaintiff's counsel. Defendant shall file an affidavit detailing its costs, expenses and attorney fees incurred in defending this action within ten (10) days from the date of this Memorandum and Order.