Frederick Lawrence WHITE, Jr.;
Benjamin L. Staponski, Jr.,
Plaintiffs,

and

Gwen G. Caranchini, Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant–Appellee.

No. 91–3325.

United States Court of Appeals,
Tenth Circuit.

Sept. 30, 1992.

Rehearing Denied Nov. 4, 1992.

Gwen G. Caranchini, pro se.

Karen K. Howard, Kansas City, Mo., for appellant.

Paul Scott Kelly, Jr., John J. Yates, and R. Kent Sellers, of Gage & Tucker, Kansas City, Mo., for defendant–appellee.

Before LOGAN, EBEL, and KELLY, Circuit Judges.*

PAUL KELLY, Jr. Circuit Judge.

This is an appeal from a judgment of the district court assessing sanctions against attorney Gwen Caranchini. *See White v. General Motors Corp.*, 139 F.R.D. 178 (D.Kan.1991). In the first appeal of this matter, we affirmed the imposition of sanctions but remanded for further proceedings concerning the amount to be imposed and an assessment of fault. *See White v. General Motors Corp.*, 908 F.2d 675, 685–87 (10th Cir.1990) (*White I*). On remand, the district court assessed sanctions against Caranchini in the amount of $50,000. 139 F.R.D. at 183. She now appeals that decision. We affirm.

## I.

The background of this case is set forth in great detail in our prior decision on the sanctions question. *White I*, 908 F.2d at 678–80. Therefore, we will review only those facts necessary to an understanding of this particular issue. This lawsuit originated when Caranchini filed suit against GM on behalf of Frederick Lawrence White and Benjamin L. Staponski, two former employees. The complaint alleged claims based on wrongful discharge, breach of implied contract, and libel. The district court granted summary judgment on all three claims, and this court affirmed. *White v. General Motors Corp.*, 699 F.Supp. 1485 (D.Kan.1988), *aff'd*, 908 F.2d

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

669 (10th Cir.1990), *cert. denied,* —— U.S.
——, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

In conjunction with that case, GM filed a motion for sanctions pursuant to Fed. R.Civ.P. 11, which the district court granted. *White v. General Motors Corp.,* 126 F.R.D. 563, 567 (D.Kan.1989). The court assessed sanctions in the amount of $172,-000 jointly and severally against plaintiffs and Caranchini. On appeal, this court affirmed the imposition of sanctions, but vacated the amount and remanded the matter to the district court. On remand, the district court imposed sanctions against Caranchini alone in the amount of $50,000.

Caranchini raises four arguments in this appeal. She maintains the district court's award cannot stand because 1) the court failed to identify the wrong being sanctioned; 2) the court erred in finding GM's fees reasonable; 3) the amount is based erroneously on conduct in other cases which are still subject to appeal; and 4) the amount is not the minimum necessary to deter future conduct. We review these arguments in turn.

## II.

■ As a preliminary matter, we note that our review is limited. The district court's decision must be affirmed unless it constitutes an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405–06, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). Reversal is appropriate only if the court " 'based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " *Hughes v. City of Fort Collins,* 926 F.2d 986, 988 (10th Cir.1991) (quoting *Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. at 2461). It is with this standard in mind that we review Caranchini's arguments.

## III.

Caranchini maintains the district court erred in failing to set forth the predicate conduct underlying the sanction imposed. This contention is so lacking in merit that it

borders on frivolous. In its opinion on remand, the district court set forth the reasons why Caranchini was sanctioned.

In ruling for the defendant [on summary judgment], the court further found that there was no evidence to support plaintiff Frederick Lawrence White, Jr.'s slander claim. The court subsequently ruled that the plaintiffs and their attorney's pursuit of plaintiff White's slander claim constituted a violation of Rule 11 because it was asserted without a reasonable inquiry into whether it was well grounded in fact. The court further found the plaintiffs' pursuit of their claims of wrongful discharge and breach of contract was likewise sanctionable because plaintiffs had executed valid releases, and their attorney ... failed to investigate the releases and their apparent validity prior to filing the complaint. Finally, the court found that the action was advanced for an improper purpose in further violation of Rule 11.

139 F.R.D. at 179–80 (citations omitted). In addition, the reasons for the sanctions were set forth in great detail in the district court's original opinion, 126 F.R.D. at 565–67, and in this court's opinion in *White I* affirming the sanctions. 908 F.2d at 679–80. We reject Caranchini's unfounded suggestion that the conduct for which the sanction was imposed was not set forth.

■ In her second argument, Caranchini contends GM's fees were not reasonable, and, therefore, it was inappropriate to consider those fees in determining the amount of the sanction to impose. The reasonableness of the attorney fee requested is one consideration which may limit the amount of Rule 11 sanctions. *White I,* 908 F.2d at 684. "The plain language of the rule requires that the court independently analyze the reasonableness of the requested fees and expenses." *Id.* On remand, the district court conducted a very thorough review in accordance with the standards set forth in *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983).[1]

---

1. In *Ramos,* this court identified several factors which are relevant to the reasonableness determination. They include 1) the accuracy and completeness of the time records, 2) the difficul-

The district court found GM's fees reasonable in light of the accuracy of the recordkeeping, complexity of the technical issues involved in the case, and the necessity of responding to oppressive discovery requests. 139 F.R.D. at 180–82. The district court was able to view this litigation firsthand, and we defer to its conclusions on the reasonableness of fees generated in responding to this frivolous complaint and burdensome discovery. *See Brandt v. Schal Assocs., Inc.,* 960 F.2d 640, 648 (7th Cir.1992). Moreover, we acknowledge that despite finding GM's fees of $172,000 reasonable, the court did not award that amount in sanctions. The sanction imposed was $50,000. The district court did not abuse its discretion.[2]

■ Finally, Caranchini challenges the amount of the sanction imposed. Her argument is two-fold. First she maintains that the district court erred in considering sanctions imposed against her in other cases to determine the amount of the sanction here. As a corollary, she argues that the amount imposed is not the minimum necessary to deter future misconduct. Both arguments are unavailing.

Once the district court finds a Rule 11 violation, the amount of the sanction imposed must be the " '*minimum* that will serve to *adequately* deter the undesirable behavior.' " *White I,* 908 F.2d at 685 (quoting *Doering v. Union County Bd.,* 857 F.2d 191, 194 (3d Cir.1988)). Rule 11 sanctions are not designed to compensate the opposing party. *Id.* at 684. Rather, the primary focus should be deterring future violations. *Cooter & Gell,* 496 U.S. at 393, 110 S.Ct. at 2454.

■ Caranchini argues the district court erred in considering cases from other courts in which she was sanctioned to de-

termine the appropriate sanction to impose in this matter. Specifically, she maintains it was error for the court to acknowledge two cases from the Western District of Missouri in which she was sanctioned. She maintains the other matters should not be considered because they are being appealed.[3] *See Perkins v. General Motors Corp.,* 965 F.2d 597 (8th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 654, — L.Ed.2d —— (1992); *Pope v. Federal Express Corp.,* 974 F.2d 982 (8th Cir.1992).

The offending party's litigation history is one factor which the court may consider in determining an appropriate Rule 11 sanction. *See Eisenberg v. University of N.M.,* 936 F.2d 1131, 1136 (10th Cir.1991). Here, the district court considered the other sanctions in determining the minimum amount necessary to deter future misconduct. 139 F.R.D. at 183. Reference to the other monetary penalties was not a factor in determining whether to sanction Caranchini in the first instance. Indeed, the decision whether to grant Rule 11 sanctions cannot be made based on conduct in other cases.

This year alone, the Eighth Circuit has upheld the imposition of sanctions against Caranchini three times. *See Pope,* 974 F.2d at 984; *Perkins,* 965 F.2d at 602; *Platt v. Jack Cooper Transp. Co.,* 959 F.2d 91, 96–97 (8th Cir.1992). Without question, the growing list of cases involving sanctions against this attorney is relevant history, and may be considered to determine the appropriate sanction to impose here. The district court did not abuse its discretion in recognizing these cases when considering the proper amount of sanctions.

In addition, Caranchini argues that the $50,000 sanction is too high. The district court imposed the $50,000 figure, specifically finding that amount to be the minimum necessary to deter future misconduct. The court also made a finding that Caran-

ty or complexity of the case, and 3) the potential for duplication of services. 713 F.2d at 553–55.

**2.** In her appellate brief, Caranchini maintains the district court's comment that the fees were reasonable in light of the complexity of the case suggests Rule 11 sanctions are inappropriate. We reject this back-door attempt to reargue the Rule 11 finding. Moreover, it was not the com-

plaint which was complex. It was the necessity of reviewing technical data responsive to Caranchini's oppressive discovery requests.

**3.** While this appeal was pending, the Eighth Circuit published its decision in both of the cases.

chini could pay this amount. *See* 139 F.R.D. at 183. The district court did not abuse its discretion in making these findings.

Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED.