**Galen SCHRAG, et al., Plaintiffs,**

**v.**

**Ted DINGES, Jr., et al., Defendants.**

**Civ. A. No. 88–1373–FGT.**

United States District Court,
D. Kansas.

March 1, 1994.

James C. Dodd, Craig Dodd & Associates, Enid, OK, for plaintiffs.

Joseph H. Cassell, Wichita, KS; Thomas D. Kitch, David G. Seely, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS; Dan W. Forker, Jr., Reynolds, Peirce, Forker, Suter & Rose, Hutchinson, KS; David J. Morgan, Robert J. Roth, Hershberger, Patterson, Jones & Roth, Wichita, KS; Thomas L. Theis, Derenda J. Mitchell, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS; and William L. Mitchell, Mitchell & Henry, Hutchinson, KS, for defendants.

### *MEMORANDUM AND ORDER*

THEIS, District Judge.

This is a RICO action in which the plaintiffs have claimed that the various de-

fendants engaged in several interconnected racketeering schemes centered around a land development project in Hutchinson, Kansas. By its orders of June 8, 1993, and August 13, 1993, this court granted summary judgment to defendants Simpson, Youngers, and Shaffer on the claims against them. The matter is before the court on motions by these defendants for sanctions against the plaintiffs and their lead counsel.[1] (Doc's 808, 815, and 830).

Defendants Simpson, Youngers, and Shaffer were named as defendants in Count I of plaintiffs' Third Amended Complaint. The court granted defendants' motions for summary judgment on the ground that the plaintiffs in Count I were not the real parties in interest because they were seeking to enforce the rights of their corporation rather than their own rights. Defendant Youngers was also a defendant to Count II of the Third Amended Complaint. The court granted summary judgment on Count II on the grounds that the claim was barred by the applicable statute of limitations and that the plaintiffs had presented no evidence from which a reasonable factfinder could find that Youngers had committed any RICO violations which injured the plaintiff Merlin Kaufman in his business or property. Defendants Youngers and Shaffer were among the defendants to Count III of the Third Amended Complaint. The court granted defendants summary judgment on Count III because plaintiffs had not presented any evidence from which a reasonable factfinder could find that either defendant Youngers or defendant Shaffer had committed RICO violations and on statute of limitations grounds. These defendants timely filed motions for sanctions. Plaintiffs have responded that sanctions should not be imposed because the court erred in granting the underlying motions for summary judgment.

Rule 11 states in relevant part[2]:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney fee.

■■■ The court uses an objective reasonableness test to determine whether a Rule 11 violation has occurred. *White v. General Motors Corp.,* 908 F.2d 675, 680 (10th Cir. 1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991); *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988). A good faith belief in the merit of a claim or argument is not enough; nor is it enough that a colorable claim could have been made if one is not actually made. *White,* 908 F.2d at 680. The court has discretion in determining the factual issues and whether the claim or argument is warranted by law. *Dodd Ins. Serv's, Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152, 1155 (10th Cir.1991). However, once it is determined that a Rule 11 violation has occurred, the imposition of sanctions is mandatory. *Lawton v. Medevac Mid–America, Inc.,* 138 F.R.D. 586 (D.Kan.1991) (citing *Adamson,* 855 F.2d at 672).[3] The sanction

---

1. Defendants Simpson and Youngers had originally moved for sanctions against plaintiffs' local counsel as well. However, both defendants later withdrew the motions as to local counsel. (Doc's 821, 822, 825 and 827).

2. The court has considered these motions—all filed before December 1, 1993, and involving

conduct occurring before December 1, 1993—according to Fed.R.Civ.P. 11 as it existed before the 1993 amendments.

3. The 1993 amendment to Rule 11 makes the imposition of sanctions discretionary. Fed.R.Civ.P. 11(c).

must be the minimum amount necessary to deter future violations. *White v. General Motors Corp.*, 977 F.2d 499, 502 (10th Cir. 1992).

In this case, although most of the plaintiffs' claims did not survive summary judgment, the court finds that the bringing of those claims was objectively reasonable. Furthermore, plaintiffs' opposition to the motions for summary judgment was objectively reasonable in light of the legal arguments plaintiffs made. The court did not accept plaintiffs' arguments and granted the defendants' motions for summary judgment. *Schrag v. Dinges*, 150 F.R.D. 664 (D.Kan. 1993) (Doc. 800). However, sanctions are not appropriate in every case in which summary judgment is granted. In deciding this motion for sanctions, the court has considered the chilling effect that would result from sanctioning attorneys for employing novel legal arguments where the law is not well settled or where the argument ventures into a "grey area." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (1990). In this case, plaintiffs' arguments on such issues as real party in interest and statute of limitations were not frivolous. The court simply found that plaintiffs' position was incorrect. In contrast, the court granted a previous motion for sanctions regarding other claims in this case because plaintiffs' counsel had misstated the law, ignored controlling Supreme Court precedent, and misrepresented to the court the nature of its argument for subject matter jurisdiction. *Schrag*, 150 F.R.D. at 682.

■ Rule 11 also provides for sanctions when a pleading or other paper is not "well grounded in fact." [4] Although many of plaintiffs' factual allegations had insufficient support in the record to survive summary judgment, this alone is not sanctionable. Nor is plaintiffs' lack of compliance with Local Rule 206(c) in formulating their statements of fact in response to the motions for summary judgment. The court does not condone the failure to comply with the local rules, but such failure is not sanctionable under Rule 11.

Because the court finds that a reasonable and competent attorney could believe in the merit of the arguments plaintiffs' set forth, *see Dodd*, 935 F.2d at 1155, the court will not impose sanctions under Fed.R.Civ.P. 11.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant Simpson's motion for sanctions (Doc. 808) is hereby denied.

**IT IS FURTHER ORDERED** that defendant Youngers' motion for sanctions (Doc. 815) is hereby denied.

**IT IS FURTHER ORDERED** that defendant Shaffer's motion for sanctions (Doc. 830) is hereby denied.

---

4. The amended Rule 11 provides that factual contentions must "have evidentiary support or, if specifically so identified, [be] likely to have evi- dentiary support after a reasonable opportunity for further investigation or discovery."